O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN 1 5 2010

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BETTY J. KENDRIX,                    )   Case No. CV 09-1207 RNB
                                     )
                Plaintiff,           )
                                     )   ORDER AFFIRMING DECISION OF
        vs.                          )   COMMISSIONER
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
                Defendant.           )
                                     )
                                     )

_____

        The Court now rules as follows with respect to the seven disputed issues listed in the Joint Stipulation.[1]

        As to Disputed Issue No. 1, for the reasons stated by the Commissioner (see Jt Stip at 3-4), the Court finds and concludes that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to properly evaluate

_____

[1]     As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

plaintiff's credibility. Indeed, the Court deems plaintiff's failure to even reply to the Commissioner's contentions with respect to this disputed issue as a concession to the correctness of the Commissioner's position.

As to Disputed Issue No. 2, plaintiff has simply made a conclusory assertion, unsupported by any citation to either the ALJ's decision or the evidence of record. For example, she has failed to cite any specific subjective testimony that the ALJ allegedly failed to properly evaluate. Moreover, the Court concurs with the Commissioner that Disputed Issue No. 2 appears to be encompassed by Disputed Issue No. 1. To the extent that Disputed Issue No. 2 is not encompassed by Disputed Issue No. 1, plaintiff has failed to convince the Court that reversal is warranted based on the alleged failure of the ALJ to properly evaluate "plaintiff's pain syndrome, other associated symptoms, and subjective complaints."

As to Disputed Issue No. 3, for the reasons stated by the Commissioner (see Jt Stip at 6-7), the Court finds and concludes that reversal is not warranted based on the alleged failure of the ALJ to properly evaluate plaintiff's use of medication[s] and their side effects. Again, the Court deems plaintiff's failure to even reply to the Commissioner's contentions with respect to this disputed issue as a concession to the correctness of the Commissioner's position.

As to Disputed Issue No. 4, plaintiff has failed to cite any specific opinions or findings of a single supposed treating physician that the ALJ allegedly failed to properly evaluate. For that reason as well as the other reasons stated by the Commissioner (see Jt Stip at 7-8), the Court finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly evaluate the medical findings of the treating doctors.

As to Disputed Issue No. 5, the Court concurs with the Commissioner that, contrary to plaintiff's characterization, the ALJ did pose hypothetical questions to the vocational expert. (See AR 323-36). The Court also concurs with the Commissioner that hypothetical questions posed to a vocational expert need not include all alleged

1  limitations, but rather only those limitations substantiated by the evidence of record
2  that the ALJ finds to exist. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65
3  (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989);
4  Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d
5  771, 773-74 (9th Cir. 1986). However, the Court disagrees with the Commissioner
6  that the hypothetical posed to the vocational expert that resulted in the opinion on
7  which the ALJ relied for his vocational determination that plaintiff remained capable
8  of performing the jobs of collection clerk and data entry clerk (see AR 23) "matched"
9  the ALJ's residual functional capacity ("RFC") finding. The record reflects that the
10  ALJ posited three hypotheticals to the vocational expert. First, the ALJ posited a
11  hypothetical individual with the same vocational and educational background as
12  plaintiff, and with the following limitations: lift 20 pounds occasionally and 10
13  pounds frequently; stand and walk for four out of eight hours; sit for at least six out
14  of eight hours; perform postural activities on an occasional basis; and a hearing loss
15  that allowed hearing normal conversations but precluded "any job where she'd have
16  to be for example, on the phone all the time." (See AR 324). The vocational expert
17  opined that such a person could not perform plaintiff's past relevant work, but had
18  transferrable skills that would enable her to do the sedentary job of data entry clerk.
19  Such an individual could not perform the job of collection clerk due to the preclusion
20  of phone work. (See AR 324-25). When the ALJ then changed the hypothetical by
21  positing an individual who had a mild hearing loss, but "nothing that would preclude
22  talking on the phone," the vocational expert opined that such an individual could also
23  perform the job of collection clerk at the sedentary level. (See AR 325). When the
24  ALJ posited a third hypothetical of an individual who also was limited to simple,
25  repetitive work, the vocational expert opined that such an additional limitation would
26  preclude all work. (See AR 326). Thus, the ALJ's vocational determination that
27  plaintiff remained capable of performing the jobs of collection clerk and data entry
28  clerk could only have been based on the vocational expert's response to the second

3

1   hypothetical.  However, with respect to the limitation attendant to plaintiff's hearing
2   loss, the ALJ did not find that plaintiff had a mild hearing loss, but "nothing that
3   would preclude talking on the phone."  Rather, the ALJ found that plaintiff "should
4   avoid jobs requiring frequent or constant use of the phone or very good hearing." (See
5   AR 22).  Based on this discrepancy between the ALJ's RFC finding and the way the
6   ALJ framed his second hypothetical to the vocational expert, the Court is unable to
7   find that the ALJ's vocational determination that plaintiff was capable of performing
8   the job of collection clerk is supported by substantial evidence.  Nevertheless, the
9   Court finds that the ALJ's error in failing to pose a hypothetical that comported with
10  his RFC finding was harmless error because even under the first hypothetical, which
11  posited an individual who was precluded from performing frequent or constant phone
12  work, the job of data entry clerk remained available to plaintiff.  See Stout v.
13  Commissioner of Social Security, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error
14  is harmless where such error is inconsequential to the ultimate non-disability
15  determination); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of
16  the ALJ will not be reversed for errors that are harmless."); Curry v. Sullivan, 925
17  F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of
18  administrative decisions regarding disability).

19         As to Disputed Issue No. 6, for the reasons stated by the Commissioner (see Jt
20  Stip at 11-13), the Court finds and concludes that reversal is not warranted based on
21  the alleged failure of the ALJ to properly evaluate plaintiff's disability under the
22  Commissioner's Medical Vocational Guidelines, and 20 C.F.R. §§ 404.1568(d) and
23  416.1698(d).   Again, the Court deems plaintiff's failure to even reply to the
24  Commissioner's contentions with respect to this disputed issue as a concession to the
25  correctness of the Commissioner's position.

26         Finally, as to Disputed Issue No. 7, for the reasons stated by the Commissioner
27  (see Jt Stip at 13-14), the Court finds and concludes that reversal is not warranted
28  based on the alleged failure of the ALJ to properly evaluate plaintiff's RFC.  Again,

4

1  the Court deems plaintiff's failure to even reply to the Commissioner's contentions
2  with respect to this disputed issue as a concession to the correctness of the
3  Commissioner's position.

4                    \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

5       IT THEREFORE IS ORDERED that Judgment be entered affirming the
6  decision of the Commissioner and dismissing this action with prejudice.

7

8  DATED: January 14, 2010

9

10

11  ROBERT N. BLOCK
   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28